**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MARK OWENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JAMES PATRICK CORCORAN, in his | ) | |
| Official capacity as Medical Director of | ) | |
| Elgin Mental Health Center; and | ) | |
| Individually, ELGIN MENTAL HEALTH | ) | |
| CENTER, a body public; the ILLINOIS | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | |
| a Department of the State of Illinois; | ) | |
| CHRISTY LENHARDT, individually; | ) | **JURY DEMAND** |
| HASINA JAVED, individually; FAISA | ) | |
| KAREEMI, individually; BRIAN DAWSON, | ) | |
| in his official capacity as Hospital | ) | |
| Administrator of Elgin Mental Health | ) | |
| Center and individually; WILLIAM | ) | |
| EPPERSON, individually; and WAYNE | ) | |
| BEYER, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND OTHER RELIEF
WITH REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, Mark Owens, by and through his attorneys, the Law

Offices of Kretchmar and Cecala, P.C., with his complaint against the above named

Defendants, and requests trial by jury. In support of his Complaint, Plaintiff states

as follows.

**INTRODUCTION**

1

1.  This action is brought by Mark Owens ("Plaintiff"), a person confined to Elgin Mental Health Center ("Facility" or "state facility") at all times relevant to the claims in this Complaint, to vindicate profound deprivations of his constitutional rights caused by institutionally based brutality, and institutionally organized sexual abuse amounting to sexual slavery.

2.  Plaintiff was adjudicated not guilty by reason of insanity ("NGRI") in the Circuit Court of Will County, for a criminal charge of disarming a police officer.  In August, 2011, he was committed to the custody of Defendant Illinois Department of Human Services ("DHS") for inpatient mental health treatment, initially at Chester Mental Health Center and subsequently at Elgin Mental Health Center.

3.  Upon his transfer to Elgin, Plaintiff was assigned to receive clinical treatment on L Unit.  The social worker in charge of maintaining and administering his mental health records and coordinating the several specialists on the treatment team was Defendant Christy Lenhardt ("Lenhardt").  Over several years, Plaintiff was housed on L Unit and the close-by K Unit.  The clinical staff on K and L Units worked together and were familiar with each other's patients.  Plaintiff also spent a brief period on N Unit.

4.  Within a few months of Plaintiff's arrival in this clinical setting, Defendant Lenhardt took the opportunity of a private counseling session with the Plaintiff to attempt to seduce him.  She complained to him that her own relationship with her husband was "not fun" and began to cry.  She then pulled her chair uncomfortably

close to where the Plaintiff was sitting, in a position that allowed her hands to be between his legs, very close to his crotch area.

5.  Plaintiff immediately became nervous, pointedly excused himself and moved back, and then left Defendant Lenhardt's office to end the inappropriate situation and avoid the seduction attempt of his social worker, whom he had believed was supposed to be delivering mental health counseling.

6.  Subsequently, Plaintiff asked Defendant Lenhardt if his counseling sessions could be done somewhere other than in her private office, for example in the N Unit day room, which was more public and would not so easily enable or permit any inappropriate behavior.

7.  Lenhardt was quite irritated by Plaintiff's request, reacting to his earlier rejection of her sexual advance by implying that Plaintiff was "paranoid".  She shortly suggested to the team psychiatrist, Defendant Hasina Javed ("Javed") that Plaintiff's diagnosis should be changed to bipolar disorder, a major mental illness that could require stronger medication (specifically, the antipsychotic drug Abilify), which would have caused the Plaintiff severe and painful side effects, agitation and memory loss.

8.  Fortunately, Plaintiff was able to prevail upon Javed not to follow Lenhardt's suggestion.  He described the general details and clear impropriety of Lenhardt's earlier sexual advance during a therapy session, and appealed to Javed's conscience as a practicing Muslim.

9.  Although she apparently found Plaintiff's report credible to some degree (because she declined to follow Lenhardt's recommendations regarding Plaintiff's

diagnosis and prescription), Javed never reported the alleged incident to the Office of the Inspector General. An immediate report to OIG was in fact mandated by statute and by written DHS policy. Such a report would have been the only effective solution to the situation, and such a report alone would have protected the Plaintiff and other patients at Defendant Facility from future sexual abuse by Defendant Lenhardt.

10. Patients' insight into their own mental health condition and patients' own treatment preferences are vital considerations. Without common goals and collaboration between a patient and the treatment team, the chance of success is substantially reduced. On L Unit, Defendant Lenhardt had her own consistent agenda for sexual relations with the Plaintiff; on K Unit, Defendant Kareemi proved to be inexplicably prejudiced toward a different diagnosis for the Plaintiff, of schizoaffective disorder, which he did not understand and with which he could not agree, and which could call for prescription of stronger, debilitating anti-psychotic drugs that the Plaintiff was loath to take.

10. By information and belief, all of the named individual defendants colluded actively or passively to hold the Plaintiff against his will in the Facility, and to thereby make him available at Defendant Lenhardt's disposal for her own personal, perverted purpose of sexual abuse.

11. During the ensuing months and years, Plaintiff was repeatedly sexually abused by Defendant Lenhardt, on at least three more occasions. Without any action in response to Plaintiff's initial report to Defendant Javed in 2012, and with Defendant Lenhardt's continuing official authority and position of power on

Plaintiff's treatment team, Plaintiff concluded that he had no choice but to comply

with Lenhardt's sexual advances or be diagnosed and drugged into a zombie state.

The clear message of the whole clinical regime in the Defendant Facility was that full

compliance with staff judgments or recommendations for whatever might be called

"treatment" was mandatory, if a patient wanted to make any progress toward

release.  Thus, if his social worker wanted to have sex with him, Plaintiff was

convinced he had best go along with it. Defendant Lenhardt strongly "came on" to

the Plaintiff so as to make her willful and wanton sexual assault into sexual battery,

unlawfully touching and engaging in sex acts with the Plaintiff who was confined,

imprisoned and under her complete control.


## II.  JURISDICTION, VENUE AND NOTICE


12.  This action arises under the Constitution and laws of the United States,

including Article III, Section 1 of the U.S. Constitution, and it is brought pursuant to

42 U.S.C. §§ 1983 and 1988.  The jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 1331, 1343 and 2201.

13.  This case is instituted in the United States District Court for the Northern

District of Illinois pursuant to 28 U.S.C. §1391, as the judicial district in which all

relevant events and omissions occurred and in which Defendants maintain offices

and/or reside.


## III.  PARTIES

14. At all times relevant hereto, Plaintiff Mark Owens was a resident of the State of Illinois and a citizen of the United States of America.

15. At all times relevant hereto, Defendant James Patrick Corcoran was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in his capacity as an officer employed by Defendant Illinois Department of Human Services and/or of the Defendant Facility. Corcoran is sued in his official capacity as Medical Director of Defendant Facility, in which capacity he was at all times relevant a direct senior of Defendants Javed and Kareemi. Corcoran is also sued individually.

16. At all times relevant hereto, Defendant Christy Lenhardt was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in her capacity as an officer employed by Defendant Illinois Department of Human Services and/or of the Defendant Facility. Lenhardt is sued individually.

17. At all times relevant hereto, Defendant Faisa Kareemi was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in her capacity as an officer employed by Defendant Illinois Department of Human Services and/or of the Defendant Facility, and as a psychiatrist on K Unit. Kareemi is sued individually.

18. At all times relevant hereto, Defendant Hasina Javed was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in her capacity as an officer employed by Defendant Illinois Department of

Human Services and/or of the Defendant Facility, and as a psychiatrist on L Unit. Javed is sued individually.

19. At all times relevant hereto, Defendant William Epperson was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in her capacity as an officer employed by Defendant Illinois Department of Human Services and/or of the Defendant Facility. Epperson is sued individually.

20. At all times relevant hereto, Defendant Wayne Beyer was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in her capacity as an officer employed by Defendant Illinois Department of Human Services and/or of the Defendant Facility. Beyer is sued individually.

21. At all times relevant hereto, Defendant Brian Dawson was a resident of the State of Illinois and a citizen of the United States, and was acting under color of state law in her capacity as an officer employed by Defendant Illinois Department of Human Services and/or of the Defendant Facility. Dawson is sued in his official capacity as Hospital Administrator of Defendant Facility, and is also sued individually.

22. Defendants Illinois Department of Human Services ("State") and Elgin Mental Health Center ("Facility") are Illinois body publics and legal entities responsible for themselves and for the Elgin Mental Health Center. These Defendants employ the individual Defendants and are proper entities to be sued under 42 U.S.C. § 1983.

23. Defendant State, Defendant Facility and Defendants Dawson and Corcoran are properly sued directly under 42 U.S.C. § 1983 for their own and their

delegated deliberately indifferent, unconstitutional decisions, policies, practices, habits, customs, derelict training and supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

24. Defendants State and Facility are also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Brain Dawson in his official capacity as Hospital Administrator of Defendant Facility, and for the challenged delegated final decisions of Defendant James Patrick Corcoran in his official capacity as Medical Director of Defendant Facility, and for those of any other final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

## I. DEFENDANTS' DELIBERATE AND COMPLICIT ACTIONS UNDER COLOR OF LAW VIOLATED PLAINTIFF'S RIGHTS, CAUSED SEXUAL ABUSE OF THE DISABLED AND RAPE

1. Plaintiff was under the control of Defendants' and each of them during and at all times described of in this Complaint.

2. At all times during these incidents, Plaintiff was an unarmed, defenseless male with little or no sexual experience and was a disabled person who was no match for the trained and sophisticated Defendants.

3. All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally protected rights, and were done pursuant to the

preexisting and ongoing deliberately indifferent official custom, practice,
decision, policy, training, and supervision of the Defendant State and Defendant
James Corcoran acting under color of state law.

4.     With deliberate indifference to the rights of citizens to be free from
excessive force, the Defendant State and Defendant James Corcoran have
ongoingly ordered, encouraged, tolerated, ratified, and acquiesced to a dangerous
environment of patient brutality, rape, sexual misconduct, assault, battery and
sexual assault on a disabled person by:

> a.     failing to conduct sufficient training or
> supervision with respect to the constitutional limitations on
> the use of force, false imprisonment and unlawful sex with
> Facility patients;

> b.     by failing to adequately punish unconstitutional
> uses of force and unlawful sex with Facility patients;

> c.     by ordering and tolerating the use of
> unconstitutional force, false imprisonment and unlawful sex
> with Facility patients;

> d.     by ongoingly failing to properly or neutrally
> investigate complaints of excessive force, false
> imprisonment and unlawful sex with Facility patients; and,

> e.     by ordering, tolerating, encouraging, and
> permitting collusive statements among the Facility staff and
> the police in such situations.

5.     It is the longstanding, widespread, deliberately indifferent custom,
habit, practice and/or policy of the Defendant State, Defendant James Corcoran
and the Defendant Facility to order and permit staff members to use excessive
force, battery and unlawful sexual acts against individuals when such sexual
activity and perversion is unnecessary and unjustified, as well as to fail to

supervise and to train staff in the appropriate constitutional limits on rape, sexual

misconduct and perverted sexual activity, knowing that these staff members are

significant to the protection of the constitutional rights of the patients and

therefore pose a significant risk of injury to the public who are patients at the

Defendant Facility.

6.      With deliberate indifference to the rights of citizens to be free from

excessive force in the care and treatment received at Defendant Facility, the

Defendant State and Defendant James Corcoran have ongoingly ordered,

encouraged, tolerated, ratified, and acquiesced to unconstitutional and abusive

uses of force and sexual misconduct under the auspices of "mental health

treatment" by:

>       a.      failing to conduct sufficient training or
> supervision with respect to the rights of citizens to be free
> from force and sexual misconduct in mental health facilities;

>       b.      failing to adequately punish rape and sexual
> misconduct actions of the Facility staff;

>       c.      ongoingly ordering and tolerating unlawful rape, sexual
> misconduct, force, and manipulation-based selective
> treatment among the staff and in decisions regarding the
> ongoing incarceration of those found Not Guilty by Reason
> of Insanity; and

>       d.      failing to properly investigate complaints of
> unlawful sexual misconduct, rape, and toleration of collusive
> statements by involved staff in such situations.

7.      It is the longstanding, widespread, deliberately indifferent custom,

habit, practice and/or policy of the Defendant State, Defendant James Corcoran

and Defendant Facility to order as well as permit staff to use force, sexual

misconduct and rape as motivating factors in staff decisions and actions, as well
as to fail to supervise and to train staff in the rights of citizens to be free from
unconstitutional, violent actions and collusive decision making by facility staff.

8.      With deliberate indifference to the rights of citizens to be free from
loss of liberty and seizure of property and persons, as well as keeping, prolonging
incarceration and imprisonment of Facility patients for the purpose of sexual
pleasure, rape, sexual misconduct and to prevent Facility patients from exercising
their constitutional rights, the Defendant State and Defendant James Corcoran
have ongoingly ordered, encouraged, tolerated, ratified, and acquiesced to a
dangerous environment of tolerating sexual slavery preventing Facility patients
from the exercise of such Constitutional rights by:

   a. failing to conduct sufficient training or supervision with
      respect to the due process rights of citizens to be free
      from unlawful imprisonment, extended incarceration
      under the false auspices of "mental health treatment"
      only for the sexual enslavement of the patient;
   b. failing to adequately punish the staff who are engaging
      in sex acts, rape and sexual misconduct with disabled
      patients at the facility and who are prevented from
      exercising their due process rights to be released from
      the Defendant Facility or otherwise object to sexual
      misconduct of the staff;
   c. ongoingly failing to properly investigate complaints of
      sexual misconduct and due process violations against
      Facility patients exercising their constitutional rights.

9.      It is the longstanding, widespread, deliberately indifferent
custom, habit
practice and/or policy of the Defendant State, Defendant James Corcoran and the
Defendant Facility to order and permit staff members to engage in sexual acts
with patients and disabled persons, as well as to fail to supervise and to train staff

in the constitutional rights of individuals.

10.    With deliberate indifference to the rights of citizens to be free from excessive use of force and sexual misconduct, the Defendant State and Defendant James Corcoran have ongoingly ordered, encouraged, tolerated, ratified, and acquiesced to the excessive force and rape, sexual misconduct and sex with disabled patients and cover up of efforts by staff to report these incidents when Defendants have failed to investigate complaints of staff misconduct.

11.    It is the longstanding and widespread custom, habit, practice and/or policy of the Defendant State, Defendant James Corcoran and Facility to find no fault with staff conduct as long as any story is offered by staff, regardless of how incredible.

12.    Defendant James Corcoran orders the senior staff to routinely ratify, acquiesce, rubber stamp, and tolerate the malicious collusive conduct and unconstitutional actions of staff by routinely ignoring serious complaints of sexual misconduct and other violent sexual acts on the Facility patients, as well as fabrication of evidence by the staff. The Defendants State and Defendant James Corcoran did exactly that in this case.

13.    These final policy decisions by Defendant James Corcoran in his role as the final delegated policy decision maker with respect to reviewing misconduct create liability for Defendant State and Defendant James Corcoran. They are also further evidence of the ongoing and deliberately indifferent custom, habit, policy, decision, practice, training and supervision

of the staff of the Defendant Facility, wherein the Defendant State and Defendant James Corcoran order, tolerate and encourage lawlessness and disregard for the federal rights of patients.

14.     In the period addressed by this Complaint, and before and since the events described herein, Defendant James Corcoran has declared or suggested that other complaints of sexual misconduct involving excessive force and unlawful sex with disabled patients and outrageous actions by staff were unfounded, without serious investigation, and he has provided cover-up support to members of the staff who were violating the constitutional and statutory rights of patients.

15.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, physical and mental impairments, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and brutal concerted conduct of all these Defendants.

16.     The Plaintiff is now suffering from these injuries, with an inability to consistently live a normal life free from the rape, sexual manipulation and control of the Defendant Lenhardt and from the very staff charged with the responsibility to enable his treatment or rehabilitation.

17.     The Plaintiff also suffers persisting emotional damage the extent of which

has not yet been fully ascertained. Plaintiff continues to suffer ongoing

emotional distress, with significant stress related symptoms.

18.     Plaintiff is also entitled to punitive damages on all of his claims

against

the individual Defendants personally, to redress their willful, malicious,

wanton, reckless and fraudulent conduct.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
**42 U.S.C. § 1983 - Excessive Force, Unlawful Search, Seizure
and False Imprisonment in violation of the Forth and
Fourteenth Amendment**

19.     Plaintiff hereby incorporates all other paragraphs of this

Complaint as if fully set forth at length herein.

20.     Relevant portions of 42 U.S.C. § 1983 provide that:

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state or territory or the
> District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges
> or immunities secured by the constitution and law shall be
> liable to the party injured in an action at law, suit in equity, or
> other appropriate proceeding for redress . . .

21.     Plaintiff in this action is a citizen of the United States and all

of the individual Defendants to this claim are persons for purposes of

42 U.S.C. § 1983.

22.     All individual Defendants to this claim, at all times relevant

hereto, were acting under the color of state law in their capacity as staff

of the State and/or Defendant Facility and their acts or omissions were

conducted within the scope of their official duties or employment.

23.     At all times complained of herein, Plaintiff had a clearly established constitutional right under the Forth and Fourteenth Amendments to bodily integrity and to be free from excessive force, assault, battery, sexual misconduct and rape by the staff of the State.

24.     At all times complained of herein, Plaintiff had a clearly established constitutional right under the Forth and Fourteenth Amendments to bodily integrity and to be free from unlawful searches, seizures of his property and imprisonment under false allegations, lies or trickery by the staff of the State.

25.     Any reasonable person knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

26.     The actions, deception and enslavement as well as the use of force by Defendant Lenhardt, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force and failure to protect the Plaintiff's constitutional rights, and the use of unlawful excessive force, assault, battery, sexual misconduct and rape by the Defendant violated the Forth and Fourteenth Amendment rights of Plaintiff. Defendant Lenhardt used deception and other trickery involving the sexual enslavement of the Plaintiff to falsely imprison Plaintiff and prolong his incarceration without justification and only to satisfy her

sexual perversion.

27.     The force used constituted excessive force, assault, battery, sexual misconduct and rape in that it could have caused and did cause serious injury to the Plaintiff.

28.     None of the Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force, assault, battery, sexual misconduct and rape of Defendant Lenhardt or from the continuing excessive force, assault, battery, sexual misconduct and rape prolonging the Plaintiff's imprisonment despite being in a position to do so. The Defendants are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force and other constitutional violations caused by each other Defendant.

29.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

30.     Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

31.     The actions of the Defendants, and each of them, in the context and circumstances where the Plaintiff represented no threat of harm to himself, other patients or staff violates the contemporary standards of decency and at

no time was the Plaintiff's imprisonment necessitated by his own conduct but only due to the misconduct and violations of his rights by the Defendants.

32.     The Defendants, and each of them, conducted a malicious and sadistic

use of force to cause harm to the Plaintiff by forcing him to submit to excessive force, assault, battery, sexual misconduct and rape which constituted an unlawful bodily touching and stripping away his dignity and humanity by submitting to a female staff member under whom the Plaintiff's freedom and wellbeing were solely and completely under her control and that such actions violate contemporary standards of decency, regardless of whether or not significant injury is evident.  The Defendants used force in a willful, wanton and unnecessary fashion as there was no need for sex at any time or under any circumstance nor was any force, assault, battery, sexual activity and/or rape appropriate for a trained, responsible staff member.

33.     The Defendants' excessive force, assault, battery, sexual misconduct and rape exceeded any reasonable use of force as no force was required whatsoever.  The use of force involving the sexual enslavement of the Plaintiff constitutes force, assault, battery, sexual activity and/or rape, seizure and imprisonment of the Plaintiff where such a use of force so repugnant as to shock the conscience of mankind.

34.     The acts or omissions of all individual Defendants were the direct and

proximate causes behind Plaintiff's injuries.

17

35.     These individual Defendants acted in concert and joint action with each other.

36.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

37.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

38.     The Defendants to this claim, at all times relevant hereto, were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

39.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts in excess of the jurisdictional limit.

40.     On information and belief, Plaintiff may suffer lost abilities to recover and may further suffer physical and emotional pain from ongoing and continued loss of society through the prolonged false incarceration and other sexual abuses outlined herein.

41.      Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

42.     In addition to compensatory, economic and consequential damages, Plaintiff is entitled to punitive damages against each of the

individually named Defendants under 42 U.S.C. § 1983, in that the actions of

each of these individual Defendants have been taken maliciously, willfully or

with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF:**
**Violation of 42 U.S.C. § 1983 –Direct Orders and**
**Deliberately Indifferent Policies, Practices, Customs,**
**Training, and Supervision in violation of the Fourteenth**
**and First Amendments**

43.     Plaintiff hereby incorporates all other paragraphs of this

Complaint as if

fully set forth herein.

44.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state or territory or the
> District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges
> or immunities secured by the constitution and law shall be
> liable to the party injured in an action at law, suit in equity, or
> other appropriate proceeding for redress . . .

45.     Plaintiff in this action is a citizen of the United States and

Defendants

to this claim are persons for purposes of 42 U.S.C. § 1983.

46.     The Defendants to this claim at all times relevant hereto were acting

under the color of state law.

47.     Plaintiff had the following clearly established rights at the time of

the

complained of conduct:

1. the right to bodily integrity and to be free from

19

excessive force, unlawful search, seizure and
imprisonment by State's staff under the Forth and
Fourteenth Amendments;

   2. the right to due process of law without interference
with his liberty interests and constitutional rights under
the Fourteenth Amendment;

48.    Defendant James Corcoran, Defendant Facility and Defendant State

knew or should have known of these rights at the time of the complained of

conduct as they were clearly established at that time.

49.    The acts or omissions of these Defendants, as described herein,

deprived Plaintiff of his constitutional and statutory rights and caused him other

damages.

50.    Defendants are not entitled to qualified immunity for the complained

of conduct.

51.    Defendant James Corcoran, Defendant Facility and Defendant State

were, at all times relevant, policymakers for the Defendant Facility, Defendant

State and Defendant Facility, and in that capacity established policies, procedures,

customs, and/or practices for the same and gave direct orders to violate the

Plaintiff's rights in this case.

52.    These Defendants ordered and committed the actions, developed and

maintained policies, procedures, customs, and/or practices exhibiting deliberate

indifference to the constitutional rights of citizens, which were direct and

proximate causes behind the violations of Plaintiff's constitutional and federal

rights as set forth herein and in the other claims, all of which resulted from a

conscious or deliberate choice to follow a course of action from among various

available alternatives.

53.     Defendant James Corcoran, Defendant Facility and the Defendant State have ordered, created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, institution-wide customs, punishment and enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its staff in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

54.     In light of the duties and responsibilities of those staff that participate in controlling the behavior of recipients of services and preparation of reports on alleged sexual misconduct, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

55.     The unlawful orders and deliberately indifferent training and supervision provided by Defendant State, Defendant Facility and Defendant James Corcoran resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant State, Defendant Facility and Defendant James Corcoran and were direct and proximate causes in the constitutional and federal violation injuries complained of by Plaintiff.

56.      As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

has suffered actual physical and emotional injuries, continues to suffer present adverse effects and deprivations of his rights, and reasonably fears that she will suffer the same adverse effects in the future, thereby entitling him to injunctive relief and orders of the Court prohibiting contact from the Defendants.

57. Plaintiff continues to suffer loss of opportunity and ability to recover and will further suffer physical and emotional pain from ongoing and continued loss of society from the prolonged incarceration and failure to report the misconduct or other false reports used to cover-up Defendants' use of excessive force and unlawful sexual misconduct. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

58. Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the State in failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## VI.  PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

    A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other

22

pain and suffering on all claims allowed by law in an amount to be determined at trial and in excess of the jurisdictional limit;

B.  economic losses on all claims allowed by law;

C.  punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial and in excess of the jurisdictional limit;

D.  attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

E.  pre- and post-judgment interest at the lawful rate;

F.  Court ordered equitable and injunctive relief from any contact or communication from the Defendants including further sexual advances, assaults or other seductive sexual communication from the Defendants; and,

G.  any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

### PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted,

  /s/ S. Randolph Kretchmar
S. Randolph Kretchmar
One of the Attorneys for Plaintiff

Law Offices of Kretchmar and Cecala, PC.
1170 Michigan Avenue
Wilmette, IL 60091
847-370-5410
s_randolph@earthlink.net
jcecala@expansionfunding.com